J-S31041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES B. CUNNINGHAM A/K/A | : | |
| FRANK FLUELLEN, | : | |
| | : | No. 3487 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order September 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0301241-2000,
CP-51-CR-0301251-2000

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED OCTOBER 17, 2018**

Appellant, James B. Cunningham a/k/a Frank Fluellen, appeals *pro se*
from the Order dismissing as untimely his sixth Petition filed pursuant to the
Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-46.  We affirm.

On May 3, 2001, the court sentenced Appellant to an aggregate term of
40 to 80 years' incarceration after a jury convicted him of Burglary, Criminal
Conspiracy, and Robbery.  This Court affirmed, and the Pennsylvania Supreme
Court denied allocatur on March 26, 2003. ***Commonwealth v. Cunningham***,
820 A.2d 703 (Pa. 2003).  Appellant did not seek a writ of *certiorari* from the
United States Supreme Court.  His Judgment of Sentence, thus, became final
on June 24, 2003.[1]

---

[1] ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

Appellant subsequently filed five unsuccessful PCRA Petitions. On June 9, 2014, he filed the instant *pro se* Petition, his sixth, challenging the legality of his sentence pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[2] On August 21, 2015, Appellant filed a "Supplemental Amended Petition for Writ of *Habeas Corpus*," which the court properly treated as an amended PCRA Petition,[3] again raising his **Alleyne** issue. On July 21, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to dismiss the Petition without a hearing. Appellant responded, requesting a hearing. On September 28, 2017, the PCRA court dismissed the Petition without a hearing.

Appellant timely appealed. The PCRA Court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. The court filed a Rule 1925(a) Opinion.

Appellant raises the following two issues in his Brief:

> 1. Whether the trial court abused its discretion in dismissing Appellant's Petition for Habeas Corpus relief since his confinement is based on a PCRA proceeding that denied due process?

---

[2] In a decision issued on June 17, 2013, the **Alleyne** Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Id**., 133 S.Ct. at 2160-61.

[3] **See** 42 Pa.C.S. § 9542; **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) (observing that "the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA" and the writ of *habeas corpus* "continues to exist only in cases in which there is no remedy under the PCRA.").

2. Whether Appellant's sentence is a nullity since the mandatory sentence Statute in Pennsylvania have been ruled facially unconstitutional?

Appellant's Brief at 3 (verbatim).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to consider his PCRA Petition. *See* *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

The instant Petition, filed over 10 years after Appellant's Judgment of Sentence became final, is patently untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In arguing that his sentence is illegal pursuant to *Alleyne*, Appellant

relies on 42 Pa.C.S. § 9545(b)(1)(iii).[4]   For a petitioner to avail himself of one of the exceptions, he must file his Petition within 60 days of the date the claim could have been presented.  ***See id.*** at Section 9545(b)(2).[5]

We note that as long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007).  Thus, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction.  ***See*** 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in

---

[4] Section 9545(b)(1)(iii) allows review of an untimely PCRA Petition if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S. § 9545(b)(1)(iii).

[5] We note that Appellant has included an argument in his *pro se* Brief pertaining to newly discovered facts, the exception provided in Section 9545(b)(1)(ii). This is the same argument he presented in a prior PCRA Petition, which the PCRA Court determined was meritless and this Court affirmed on the basis that it did not meet the requirements of the Section (b)(1)(ii) timeliness exception. ***See Commonwealth v. Fluellen***, 1492 EDA 2012 (Pa. Super. filed June 3, 2013).  The argument continues to fail to satisfy that timeliness exception.  Moreover, claims previously raised and litigated are not cognizable under the PCRA.  42 Pa.C.S. § 9543(a)(3).  In addition, subsection (b)(1)(ii) was not the section under which the instant PCRA Petition was filed; thus, even if this claim had not already been reviewed, it would be waived.  ***See*** Pa.R.A.P. 302(a)("issues not raised in lower court are waived").

*Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition).

In the instant case, if Appellant had been sentenced to a mandatory minimum sentence, he would have had to raise his *Alleyne* claim in a PCRA Petition filed by August 16, 2013, pursuant to 42 Pa.C.S. §9545(b)(2). Appellant filed the instant Petition on June 9, 2014, nearly 10 months too late.

Moreover, even if Appellant had timely filed his *Alleyne* claim, Appellant's claim would merit no relief. Our Supreme Court recently reiterated that *Alleyne* does not apply retroactively on post-conviction collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Because Appellant's PCRA Petition fails to meet any of the timeliness exceptions and his legality of sentence claim is not reviewable retroactively, the PCRA court properly concluded it was without jurisdiction to address the merits of Appellant's Petition.

This Court is, likewise, without jurisdiction. We, thus, affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/18

- 5 -